UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV-

| | |
|---|---|
| DENNIE ROBERT DAVIS and KATHERINE DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS LLC and JANE DOE, a/k/a MILA DEAN<br>Defendants. | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. 227(b) et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*; or alternatively out of violations of the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251 *et seq*; by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Plaintiff, DENNIE ROBERT DAVIS, (hereinafter "DENNIE"), is disabled from a traumatic brain injury sustained in a car crash approximately 43 years ago and is a natural person who resides in the County of Genesee, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692a(3).

5. KATHERINE DAVIS, (hereinafter "KATHERINE"), is the Mother of DENNIE, who does not owe a debt and therefore not a "consumer," but is nevertheless is a protected person under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d, as defined by this statute as "any person."

6. Defendants, ATLANTIC RECOVERY SOLUTIONS LLC, (hereinafter "ARS") is, based upon information and belief, a New York corporation and a collection agency operating from an address of 275 Northpointe, Ste. 80, Amherst, New York 14226, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, JANE DOE, A/K/A MILA DEAN (hereinafter "MILA"), is believed to be a natural person employed by ARS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  At all times relevant to the allegations in this complaint, Jane Doe acted as an agent for ARS in attempting to collect a debt from DENNIE.

## FACTUAL ALLEGATIONS

8. Based upon information, belief and knowledge, Plaintiff, DENNIE, in his own name, allegedly opened a line of credit with HSBC (hereinafter "GE"), and incurred a balance of approximately $700.00, which was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Based upon information, belief and knowledge, sometime in the month of August 2014, the alleged debt of Plaintiff, DENNIE was consigned, placed or otherwise transferred to Defendant, ARS, for collection.

### *Collection Activities Begin in August 2014*

10. In August 2014, on information and belief, the Defendant, ARS, by and through its employee collectors, commenced collection calls to both plaintiffs, as well as another member of the Davis family utilizing an automated telephone dialing system (ATDS).

11. Based upon information and belief, ARS made automated collection calls to both Plaintiffs' cell

phones, (810) 449-4081 and (810) 962-4074, in violation of the TCPA's prohibitions on automated calls to cell phones, 47 USC 227(b).

12. Defendant ARS, connected with Plaintiffs on live calls and its employees were threatening, disrespectful and undignified in their communications with Plaintiffs while attempting to collect the debt.

13. Specifically ARS advised that DENNIE was a "respondent" on a "civil claim" and that he "needed" to respond to "charges" and provide "a statement of defense" on a recorded line.

14. ARS also requested plaintiff to have his "lawyer" call them back regarding case or claim number 250322 and that failure to respond would "forfeit" his right to dispute the charging being filed against you."

15. This is not the first time that ARS has committed similar violations of the FDCPA and other state and federal laws. See CASE 0:14-cv-03110-DWF-FLN Document 1 Filed 08/06/14.

16. Despite Plaintiffs' requests as to Defendant's identity, ARS refused to give meaning disclosure as to its legal name, identity and business location.

17. Further ARS requested KATHERINE to pass a message to DENNIE for him to call ARS back regarding a "claim filed in Genesee County."

18. When plaintiffs requested Defendant to provide written proof of the existence of debt and the original creditor information, Defendant misrepresented that ARS was under no obligation to provide any written letters as they were only a "claims processing company."

19. Defendant's communications to this third party, KATHERINE, caused Plaintiff DENNIE embarrassment, humiliation and outrage entitling him to exemplary and punitive damages under Michigan law.

20. Defendant also placed calls without accurate caller ID identifying that it was Defendants calling and using a local area code number (810) despite ARS calling from East Amhurst, New York.

21. Defendant's communication to third party, KATHERINE, constitutes multiple violations under the FDCPA as will be further outlined below.

22. Defendant's collection communications are in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

    a. § 1692b(1). Contact of Third Party: failed to state that collector is confirming or correcting location information;
    b. § 1692b(2). Contact of Third Party: Stated that the consumer owes any debt;
    c. § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;
    d. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
    e. § 1692d(6). Placed telephone calls without disclosing his/her identity.
    f. § 1692 e Any other false, deceptive, or misleading representation or means in connection with the debt collection
    g. § 1692 e(2) Character, amount, or legal status of the alleged debt;
    h. § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken;
    i. § 1692 e(7) Consumer committed any crime or other conduct in order to disgrace the consumer;
    j. § 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer
    k. § 1692 e(11) Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt… communication is from a debt collector;"
    l. § 1692 e(14) Any name other than the true name of the debt collector's business;
    m. § 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt;
    n. § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

23. ARS used an "automated telephone dialing system" and prerecorded messages when making these collection calls to DENNIE and KATHERINE.

24. Despite, Plaintiff's requests to Defendants, ARS and MILA, to stop calling plaintiffs' cell phones, ARS nevertheless continued robo-dialing Plaintiffs.

25. Based upon information and belief, at no prior time did Plaintiffs provide consent to Defendants to call his cell phone number using an Automated Telephone Dialing System ("ATDS").

26. ARS continued its collection efforts using its ATDS and leaving prerecorded messages in violation of 47 USC 227(b).

27. ARS continued making these calls on and off from August 2014 through September 2014, despite Plaintiffs requests to stop calling.

28. Each of these communications violated the TCPA, as PLAINTIFFS did not consent to the calls.

29. ARS failed to send Plaintiff DENNIE a 30 day validation notice in violation of 15 U.S.C. 1692g.

30. ARS violated black letter law under the Fair Debt Collection Practices Act (FDCPA) by failing to provide written notice required by 15 USC § 1692g(3).

31. Federal law requires a debt collector, debt buyer and debt collection lawyers to provide notice to a consumer that the consumer owes a debt.

32. This provision "significant feature" gives the consumer the right to obtain verification that the debt is owed from the collector.

33. ARS never sent a written "g" notice about this debt, informing Plaintiff DENNIE of who the original creditor was or what his rights were in disputing the debt.

34. DENNIE has suffered actual damages as a result of these illegal collection communications by ARS in the form of anger, anxiety, emotional distress, sadness, grieving, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior* Liability

35. The acts and omissions of Defendants and the individual debt collectors employed as agents by ARS, who communicated with Plaintiffs as described herein, were committed within the time and scope limits of their agency relationship with their principal, ARS.

36. The acts and omissions by ARS's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by ARS in collecting consumer debts.

37. By committing these acts and omissions against Plaintiffs, ARS's agents were motivated to benefit their principal, ARS.

38. ARS is therefore liable to Plaintiffs through the Doctrine of *Respondeat Superior* for the

intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA, MOC or alternatively MCPA, in their attempts to collect this debt from DENNIE or KATHERINE.

## JURY DEMAND

39. Plaintiffs are entitled to and hereby respectfully demand a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

40. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of ARS and MILA DEAN constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. The allegations stated in this complaint constitute collection communications in violation of multiple provisions of the FDCPA, including but not limited to:

   a. § 1692b(1). Contact of Third Party: failed to state that collector is confirming or correcting location information;
   b. § 1692b(2).  Contact of Third Party: Stated that the consumer owes any debt;
   c. § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;
   d. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
   e. § 1692d(6). Placed telephone calls without disclosing his/her identity.
   f. § 1692   e Any other false, deceptive, or misleading representation or means in connection with the debt collection
   g. § 1692   e(2) Character, amount, or legal status of the alleged debt;
   h. § 1692   e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken;
   i. § 1692   e(7) Consumer committed any crime or other conduct in order to disgrace the consumer;
   j. § 1692   e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer
   k. § 1692   e(11) Communication fail to contain the mini-Miranda warning: "This is an

attempt to collect a debt… communication is from a debt collector;"
l. § 1692 e(14) Any name other than the true name of the debt collector's business;
m. § 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt;
n. § 1692 g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

43. As a result of the ARSs' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Invasion of Privacy by Intrusion upon Seclusion

44. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

45. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt.

46. Defendants intentionally caused harm to Plaintiffs emotional wellbeing by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiffs' right to privacy.

47. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

48. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendants.

## COUNT III

**Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Collection Practices Act**

50. Plaintiffs incorporate the preceding allegations by reference.

51. Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

52. Plaintiffs are debtors or other protected persons as that term is defined in MCL 339.901(l).

53. Defendants' foregoing acts in attempting to collect this debt against Plaintiffs constitute violations of the Occupation Code.

54. Plaintiffs have suffered damages as a result of these violations of the Michigan Occupation Code.

55. These violations of the Michigan Occupation Code were willful.

## COUNT IV

**Violations of the Michigan Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

54. Plaintiffs incorporates the preceding allegations by reference.

55. Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

56. Defendants' foregoing acts in attempting to collect this debt against Plaintiffs constitute violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq.*

57. Plaintiffs have suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

58. These violations of the Michigan Collections Practices Act were willful.

## COUNT V

**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227**

56. Plaintiffs incorporate all of the above paragraphs by reference.

57. On information and belief, on multiple occasions from August 2014 to September 2014, ARS "willfully" violated the TCPA by using an "automatic telephone dialing system" to contact DENNIE and KATHERINE on their cell phones without Plaintiffs' express consent.

58. On multiple occasions, ARS "willfully" violated the TCPA by using prerecorded messages to contact DENNIE and KATHERINE on their cell phones, despite Plaintiffs' repeatedly requesting Defendants to stop.

59. Defendant violated the provisions of the TCPA, 47 U.S.C. § 227.

60. As a result of these violations of the TCPA, DENNIE and KATHERINE are entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and treble damages ($1,500 per violation) 47 U.S.C. §427(b)(3).

## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendants:

### COUNT I

### Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs;

### COUNT II

### Invasion of Privacy by Intrusion upon Seclusion

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT III

**Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Collection Practices Act**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiffs and

- for such other and further relief as may be just and proper.

## COUNT IV

**Violations of the Michigan Debt Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT V

**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. § 227et seq.**

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiffs;

- for an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiffs;

- for an award of treble damages pursuant to 47 U.S.C. §227(b)(3);

Dated: January 13, 2015					Respectfully submitted,

								REX ANDERSON, PC


								/s/ Rex C. Anderson
								Rex C. Anderson, Attorney for Plaintiffs
								9459 Lapeer Rd. Ste. 101
								Davison, MI 48423
								(810) 653-3300
								mied@rexandersonpc.com
								(P47068)